It was agreed in this case that when a suit is at issue in chancery, as that court cannot call a jury to its bar to try it, the Chancellor ought to deliver the issue propria manu in the King's Bench, who are to try it by a jury, and on the verdict ought to give judgment and make return thereof to the chancery afterwards. And if the issue ought to be tried in Durham, or other franchise, then the usage is that the King's Bench write to such place to have the issue tried, and make return to them, whereupon they are to give judgment; and the Chancellor cannot write to such a place to have an issue tried, because the chancery has nothing to do with verdicts, which are common law trials. And, therefore, in this case, where the Chancellor wrote to the Bishop of Durham to try an issue in Audita Querela, all is bad. Nota, that in this respect the power of the King's Bench is above that of the Chancery, and it was ordered by the court that the verdict be quashed, and that there be a new trial. *Page 633 
JONES, J., said that although in such cases the Chancery had nothing to do with verdicts, and could not have any such issue tried, if in Chancery an issue was joined, which is not triable by a jury, the Chancellor might write, may, pray the assistance of the King's Bench. As if ne unquesaccouple en loyal matrimony was in issue in Chancery, the Chancellor might write to a Bishop to certify it.
And DODERIDGE, J., said that he had never heard nor seen that the Chancellor had written to any county palatine to try an issue; but the court of King's Bench can do it.
And it was also said in this case that the return of a trial in Chancery cannot be in the Common Bench (although there is a precedent to that effect in Novel Entry, p. 305). But ought to be in the King's Bench alone. Samecase, Postea, pp. 709, 816; Jones, 82 and 90; 3 Bulst., 305; Bendl., 161; Palm., 410.